E. S. OPPENHEIMER, Appellee, v. ALLEN HAMRICK *et al.*, Appellants.

Assignment for Benefit of Creditors: MISAPPROPRIATION OF FUND BY ASSIGNEE: ACTION ON BOND. Where an assignee under an assignment for the benefit of creditors was by order of court directed to apply the funds in his hands first to the payment of the claim of an attaching creditor, and the balance upon a chattel mortgage existing prior to the assignment, but the assignment was not set aside, and the order as to the application of the fund in satisfaction of the chattel mortgage was only partially performed, *held*, that the chattel mortgagee was entitled to judgment upon the assignee's bond for the balance of said fund.

*Appeal from Marion District Court.*—HON. J. H. HENDERSON, Judge.

.MONDAY, OCTOBER 24, 1892.

THE defendant Allen Hamrick is the assignee of Jacob Oppenheimer, an insolvent. The other defendants are sureties upon the assignee's bond. The plaintiff is a creditor of Jacob Oppenheimer, and he seeks by this action to recover judgment on the bond, because of the alleged failure of the assignee to pay to the plaintiff certain money in obedience to an order of court. There was a trial by the court, and a judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*Geo. W. Crozier* and *James D. Gamble,* for appellants.

*Hays Bros.*, for appellee.

ROTHROCK, J.—The assignment to the defendant Hamrick was made on the first day of January, 1882, and soon thereafter the said Hamrick gave a bond, signed by the other defendants as sureties. Said bond was an obligation for the faithful discharge of Hamrick's duty as assignee. It was conditioned as follows: "The condition of the above obligation is such that, whereas the above bondsman, Allen Hamrick, has been duly and legally appointed asssignee of Jacob Oppenheimer, of Knoxville, Iowa:  Now, if the said Allen Hamrick shall and will well and faithfully discharge the duties of his office as such assignee, and shall well and faithfully discharge his trust as such assignee, then this obligation to be void; otherwise to be and remain in force and effect." The insolvent's property consisted of a stock of clothing, which Hamrick took into his possession, and sold for about seven thousand dollars in cash. After the sale of the goods, and while the money was in the hands of the assignee, Simon, Strauss & Co., creditors of the insolvent, commenced an action upon their claim, and garnished the assignee. E. S. Oppenheimer, the plaintiff herein, intervened in that action, and claimed the proceeds of the goods by virtue of a chattel mortgage which he held thereon. On the twenty-second day of August, 1882, that action was removed to the circuit court of the United States. A trial was had in that court (20 Fed. Rep. 553), and it was determined that Simon, Strauss & Co. had the first lien on said goods by virtue of their garnishment of the assignee, and that the plaintiff herein had the second lien by virtue of his chattel mortgage. An order was made that the assignee should pay the claim of Simon, Strauss & Co. in full, and pay the balance to the plaintiff herein. The assignee performed this order in part, but failed to pay the full amount of the

balance to the plaintiff, E. S. Oppenheimer. This action is upon the bond to compel payment of such balance.

There is no dispute as to the above statement of facts. Counsel for the appellants claim that there can be no recovery on the bond, because the assignment was, in effect, set aside and held invalid by the order appropriating the proceeds of the stock of goods, and that the plaintiff has therefore no right of action upon the bond. In other words, it is contended that the order and judgment of the federal court was an adjudication that the assignee took no property of the insolvent under the assignment, and, having no property or money in his hands belonging to the insolvent, there is no liability on the bond. We think it is very plain that this position cannot be maintained. The assignee took possession of the goods, and sold them as assignee, and he held the proceeds by the same right. Simon, Strauss & Co. and the plaintiff herein were creditors of the insolvent, and the proceeding in the federal court involved nothing more than a question of the distribution of the money in the hands of the assignee. The proceedings in the federal court do not show that the assignment to Hamrick was set aside. On the contrary, it appears that the plaintiff herein and Strauss & Co. both filed their claims with the assignee, and they were allowed. And the proceedings all through refer to the assignment, and the order was founded upon a report of a master in chancery, in which it was found that the money was in the hands of Hamrick as assignee, and he was ordered to pay over the said money as assignee. There should be no question that for failure to comply with this order the assignee and his sureties are liable upon the bond. We are cited to the case of *People v. Chalmers* (60 N. Y. 154), as holding a rule which, under similar facts, would exonerate the bond. In that case the assignment, was

set aside for fraud at the suit of those claiming in hostility to the assignment.   In the case at bar, as we have said, the question determined was one merely pertaining to the distribution of the fund under the assignment.   AFFIRMED.